Robert J. Lauson, Esq., No. 175,486
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, California 90245
Tel.: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

Attorney for Defendant
AUDIO VIDEO COLOR CORPORATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| REFLEX PACKAGING, INC. | Case No. CV-13-03307 SI |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MOSHE BEGIM** |
| AUDIO VIDEO COLOR CORPORATION, a California Corporation, d/b/a, AVC CORPORATION | |
| | **[PROPOSED ORDER] GRANTING MOTION TO DISMISS OR TRANSFER CONCURRENTLY FILED HEREWITH** |
| Defendant. | Date: Friday October 11, 2013 |
| | Time: 9:00 AM |
| | Courtroom: 10 |

1

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 11, 2013 at 9:00 AM or as soon as this motion may be heard, Defendant Audio Video Color Corporation will and hereby does move the Court to dismiss Plaintiff's complaint or transfer the case to the Central District of California. Defendant's motion to dismiss for improper venue is made pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, Defendant's motion to transfer the action to the Central District of California is made pursuant to 28 U.S.C. § 1404(a).

Defendant, through its general counsel Michael Baker, contacted Plaintiff's attorney several times about the improper venue. Further, Defendant's undersigned, counsel-of-record contacted Michael Carlson on or about August 2nd regarding the contemplated motion to dismiss or transfer.

Defendant's motion is supported by the memorandum, a supporting declaration, and a separate [proposed] order granting the relief requested. For all the reasons stated, the motion should be GRANTED.

Defendant's attorney, although admitted to this Court, resides in Southern California. If any hearing is held on this motion, Defendant requests to appear by telephone.

Respectfully submitted,

LAUSON & TARVER

\_\_\_\_\_/s/\_\_\_\_\_
Robert J. Lauson, Esq.
Attorneys for Defendant

2

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff erroneously filed its complaint in the improper venue of the Northern District of California, despite signing a Unilateral Confidentiality Agreement (the "NDA") that expressly contained a forum selection clause for litigating disputes in the city of Santa Ana, California. Moreover, the Northern District is an inconvenient forum because both parties reside in the Central District. The case should be dismissed or transferred.

## I. Factual Background

Plaintiff filed its complaint on July 1, 2013 alleging patent infringement and breach of contract. Plaintiff alleges that Defendant infringed the claims of the '337 Patent entitled "Unitary Product Cushioning Structure," through the manufacture, use, importation, sale and/or offering for sale of thermoformed cushions. Plaintiff's Complaint ("Compl.") at ¶¶ 7, 19. Plaintiff also alleges that Defendant breached the NDA by using confidential information to undercut Plaintiff's thermoformed cushions. *Id.* at ¶ 28.

Plaintiff attached a copy of the NDA to its complaint signed by both parties. *Id.* at ¶ 12. Moreover, Plaintiff's complaint expressly states that Plaintiff's principal place of business is in Santa Ana, California and Defendant's headquarters is in Rancho Dominguez, also in this district. *Id.* at ¶¶ 1-2.

## II. Venue Is Improper Because The NDA Contains A Forum Selection Clause.

Although 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b) provide the framework for designating a proper venue, parties may contractually designate a forum in which any litigation is to take place. In federal question cases, forum selection clauses are presumed valid absent extreme circumstances such as fraud. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Furthermore, most courts, including the 9th Circuit, hold that a motion to dismiss pursuant to a contractual forum selection clause is properly brought under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th. Cir. 1996) (stating that bringing a motion under 12(b)(3) permits courts to consider factors outside of the pleadings, such as convenience).

Here, Plaintiff alleges venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), yet makes no reference to the forum selection clause in the NDA. Both parties agreed to the terms of the NDA. Compl. at ¶ 12. Paragraph 7 of the NDA expressly states that disputes between the parties "related to or arising out of this Agreement" shall be governed by California law and litigated in a court in the city of Santa Ana, California. Compl. at Ex. 2. Plaintiff seeks to allege a breach of contract claim under the NDA while avoiding the express terms of the forum selection clause. Venue is improper because the parties expressly agreed that disputes shall be adjudicated in a court other than the one selected by Plaintiff. *Id.*

## III. The Case Should Be Transferred If Not Dismissed Because Venue Is Inconvenient In The Northern District.

Even if the Court finds that venue is somehow proper, the Court should transfer the action. A forum selection clause may be grounds for a transfer motion under 28 U.S.C. § 1404(a) based on the: 1) convenience of the parties; 2) convenience of the witnesses; 3) and in the interests of justice. Federal courts interpret these three factors broadly to allow a court to consider the particular facts of each case. *E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). Although a forum selection clause is not dispositive, it is a significant factor in § 1404(a) determinations. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1998). As a result, courts will ordinarily grant convenience transfers based on the forum specified in an enforceable forum selection clause. *Stonehenge, Ltd. v. Garcia*, 989 F. Supp. 539, 540 (S.D.N.Y. 1998).

In this case, the Northern District is an inappropriate forum because Plaintiff's principal place of business is in Santa Ana and Defendant's headquarters is in Rancho Dominguez. Compl. at ¶¶ 1-2; Begim Decl. ¶ 2. Not only are the parties' businesses located in Southern California, but witnesses, employees, and corporate documents are also located there. Begim Decl. at ¶¶ 2-5. None of Defendant's employees or property is located in the Northern District. *Id.* at ¶¶ 3-5.

Under the NDA, the parties expressly agreed that any litigation was to take place in the Central District not only for their own convenience, but also for the convenience of witnesses. To the extent that Plaintiff's attorney argues that the case should be litigated in the Northern District because counsel is located there, the convenience or location of counsel should be given no weight. *See In re Horeshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003). Adjudicating the case in Orange

County will provide the parties with a better opportunity to effectively and diligently litigate their dispute in a more convenient forum.

It is believed the action transferred to the Central District will automatically be moved from Los Angeles to Orange County (Santa Ana) where Plaintiff is located. Defendant is agreeable to the Central District Court in Santa Ana as per the NDA, or the Central District Court in Los Angeles should Plaintiff prefer the same.

In conferring on the motion, Plaintiff's attorney indicated he intended to contend that because AVC's customer, Seagate, was located in the Northern District, that venue was proper there. The location of a customer, albeit an important one, but only one of many customers, is insignificant. This is especially true considering how Defendant operates its business. AVC receives products to be packaged at its Los Angeles County facility from its customers, including Seagate, packages those products in LA County, and then ships the packaged products directly to large retailers such as Costco and others. Accordingly, in performing the packaging for its customers, and providing the alleged infringing packaging at issue in the lawsuit, the alleged unlawful acts occur in the Central District of California. All billings, contracts, design and production of the articles in question are in Rancho Dominquez. The center of gravity of the case is in Southern California

Respectfully submitted,
LAUSON & TARVER LLP


_____/s/_____
Robert J. Lauson
Attorneys for Defendant

## DECLARATION OF MOSHE BEGIM

I, Moshe Begim, declare as follows:

1. I am President of Audio Video Color Corporation. I have personal knowledge of the facts as stated herein. If called to testify, I would and could competently testify thereto. I offer this declaration in support of Defendant's motion to dismiss or transfer.

2. Audio Visual Corporation is organized under the laws of the State of California. Defendant has its headquarters and principal facilities in Rancho Dominguez, California, about 16 miles south of Downtown Los Angeles and approximately 30 miles west of Santa Ana.

3. Nearly all the documents and records for the corporation are located at the Rancho Dominguez offices. All of our employees in California work at the Rancho Dominguez location and reside in Los Angeles or Orange Counties.

4. We own no bank accounts, corporate assets or any other property in the Northern District of California. None of our employees work or reside in the Northern District to my knowledge.

I declare the forgoing is true and correct, executed this 21st day of August, 2013, in Rancho Dominguez, California.



Moshe Begim